**IN THE UNITED STATED DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Best Western International Incorporated, | No. CV-25-03077-PHX-MTM |
| Plaintiff, | **AMENDED REPORT AND RECOMMENDATION** |
| v. | |
| Anderson Hospitality LLC, et al., | |
| Defendants. | |

TO THE HONORABLE STEPHEN M. McNAMEE, SENIOR UNITED STATES DISTRICT JUDGE:

Pending before the Court is Plaintiff's Motion for Attorneys' Fees. (Doc. 22.) This Report and Recommendation is filed pursuant to General Order 21-25.[1] The Court will recommend that Plaintiff's Motion be granted.

---

[1] General Order 21-25 states in relevant part:

> When a United States Magistrate Judge to whom a civil action has been assigned pursuant to Local Rule 3.7(a)(1) considers dismissal to be appropriate but lacks the jurisdiction to do so under 28 U.S.C. § 636(c)(1) due to incomplete status of election by the parties to consent or not consent to the full authority of the Magistrate Judge,
>
> IT IS ORDERED that the Magistrate Judge will prepare a Report and Recommendation for the Chief United States District Judge or designee.
>
> IT IS FURTHER ORDERED designating the following District Court Judges to review and, if deemed suitable, to sign the order of dismissal on my behalf:
>
> Phoenix/Prescott: Senior United States District Judge Stephen M. McNamee. . . .

## I.    BACKGROUND

Plaintiff Best Western International Incorporated ("Plaintiff" or "Best Western") filed a Complaint in this matter on August 22, 2025, against Defendants Anderson Hospitality LLC ("Anderson"), Ankit Panchal ("Panchal"), and Nikita Panchal (collectively "Defendants"). Best Western alleged that it entered into a Membership Agreement with Defendants under which Defendants agreed to pay Best Western for fees, dues, charges and assessments, and costs of all goods or services provided or ordered through Best Western as well as interest at the rate of 1.5% per month. Defendants failed to make payments required by the Membership Agreement and, thus, breached the parties' contract.

Defendants were served with process but never appeared in this action or responded to Plaintiff's Complaint. The Clerk of Court entered default against Defendants on October 30, 2025. (Doc. 14.) Plaintiff filed a Motion for Default Judgment on January 12, 2026, (Doc. 17), and this Court issued a Report and Recommendation recommending that Plaintiff's Motion be granted shortly thereafter. (Doc. 18.) On January 30, 2026, the District Court issued an Order adopting this Court's Report and Recommendation and judgment was entered in favor of Plaintiff Best Western International, Inc., and against Defendants Anderson Hospitality LLC, Ankit Panchal, and Nikita Panchal. (Doc. 19.) Plaintiff then filed the instant Motion for Attorneys' Fees. (Doc. 22.)

## II.    DISCUSSION

Relying on paragraph O of the Membership Agreement,[2] Best Western seeks attorneys' fees and costs incurred in this action.

---

[2] Paragraph O of the Membership Agreement provides as follows:

> In the event that Member breaches any obligation to Best Western, Member is liable to Best Western for all attorneys' fees, costs, and expenses incurred by Best Western in connection with the breach or violation, whether or not suit is filed.

(Doc. 1-1 at 18.)

"It is well established that a court in Arizona may award attorney fees only when expressly authorized by contract or statute." *Burke v. Ariz. State Ret. Sys.*, 77 P.3d 444, 447 (Ariz. Ct. App. 2003); *Chavarria v. State Farm Mut. Auto. Ins. Co.*, 798 P.2d 1343, 1346 (Ariz. Ct. App. 1990). While Arizona statutory law does not authorize an award of attorneys' fees in an uncontested action arising out of a contract in the context of a default, A.R.S. § 12-341.01(A), when parties contractually agree to pay attorney fees, § 12-341.01 does not alter the parties' agreement. *See McDowell Mountain Ranch Comm. Assoc. v. Simons*, 165 P.3d 667, 670 (Ariz. Ct. App. 2007) (noting that it is "well-settled in Arizona that '[c]ontracts for payment of attorneys' fees are enforced in accordance with the terms of the contract'") (citations omitted); *Dorn v. Robinson*, 762 P.2d 566, 574 (Ariz. Ct. App. 1988) (awarding prevailing party attorneys' fees where they were provided for by contract); *see also* A.R.S. § 12-341.01(A) ("[T]his section shall in no manner be construed as altering, prohibiting or restricting present or future contracts or statutes that may provide for attorney fees.").

Here, the parties' Membership Agreement provides that Defendants are "liable to Best Western for all attorneys' fees, costs, and expenses incurred by Best Western in connection with the breach or violation" of the Membership Agreement. (Doc. 1-1 at 18.) Therefore, Best Western is entitled to an award of its reasonable attorney fees.

When determining whether a fee award is reasonable, the Court must consider the hourly fee and the number of hours worked. *See Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1262 (9th Cir. 1987).

"The beginning point in a development of a reasonable fee is the determination of the actual billing rate which the lawyer charged in the particular matter." *Schweiger v. China Doll Rest., Inc.*, 138 Ariz. 183, 188 (Ariz. Ct. App. 1983). "[T]he affidavit submitted in connection with an application for fees must indicate the agreed upon hourly billing rate

- 3 -

between the lawyer and the client for the services performed." *Id.* The prevailing market rate in the community is indicative of a reasonable hourly rate. *Jordan*, 815 F.2d at 1262.

Papetti Samuels Weiss McKirgan LLP ("PSWM") represented Best Western in this matter. Jennifer Lee-Cota, the attorney on this case, provided a Declaration. (Doc. 22-1 at 2-4.) In her Declaration, Ms. Lee-Cota avers that her "hourly rate was $350.00 in this matter, which is a discount from [her] 2026 standard hourly rate of $450.00." (*Id.*) She states that "[b]ased upon knowledge and experience, [her] hourly rate in this matter is comparable to or lower than the typical hourly rates that would be charged by a lawyer with similar experience and credentials in a similar matter." (*Id.*) She also states that "Best Western has agreed to pay and has paid [her] hourly rate in this action." (*Id.*)

Ms. Lee-Cota similarly avers that "Theresa Beltran, a paralegal at PSWM, also assisted on this case. Ms. Beltran's hourly rate in this matter was $150.00 which is a discount from her 2026 standard hourly rate of $245.00." (*Id.*) She states that "Ms. Beltran's discounted hourly rate is comparable to or lower than the typical hourly rates that would be charged by paralegals with similar experience and credentials in a similar matter [and that] Best Western has agreed to pay and has paid Ms. Beltran's hourly rate in this action." (*Id.*) The Court finds the billable rates reasonable and any fees awarded herein will be pursuant to the rates above.

In analyzing the reasonableness of hours expended, the Court looks to the number of hours that would be expended by a "reasonable and prudent lawyer." *Schweiger*, 138 Ariz. at 188. Further, "[i]n order for the court to make a determination that the hours claimed are justified, the fee application must be in sufficient detail to enable the court to assess the reasonableness of the time incurred." *Id.* An award may also be reduced for hours not "reasonably expended." *Id.*

Here, PSWM charged 13.10 hours at the rates noted above, for a total of $3,525. After review of the itemized statement of fees, (Doc. 22-1 at 6), the Court is satisfied that the hours billed are not excessive and there is no reason to doubt that the entries accurately reflect the amount of time spent on each activity and the entries provide a sufficient level

of detail. Accordingly, this Court finds that PSWM expended a reasonable number of hours in pursuing the present action.

Plaintiff additionally seeks to recover the complaint filing fee of $405 and the costs of service for $965.22. (Doc. 23.) The Court finds the requested costs to be both recoverable and reasonable.

Accordingly,

**IT IS RECOMMENDED** that the Motion for Attorneys' Fees and Costs (Docs. 22, 23) be **granted** as set forth in this Recommendation.

**IT IS FURTHER RECOMMENDED awarding** Plaintiff $3,525.00 in attorney fees and $1370.22 in costs, plus post-judgment interest at the applicable statutory rate.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation. *See* Fed. R. Civ. P. 72.

Dated this 5th day of March, 2026.

_____
Honorable Michael T. Morrissey
United States Magistrate Judge